IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:23-CT-3033-FL

| | |
|---|---|
| AMAECHI OSMOND NWAKUCHE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| STATE OF NORTH CAROLINA, ) | |
| WARREN COUNTY, NC, and WAKE ) | |
| COUNTY, NC, ) | |
| ) | |
| Defendants. ) | |

Plaintiff, a state pretrial detainee proceeding pro se, commenced this action by filing complaint on January 30, 2023, asserting claims for violations of his civil rights pursuant to 42 U.S.C. § 1983. The matter is before the court for initial review of the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

**COURT'S DISCUSSION**

Section 1915 provides that courts shall review complaints filed by prisoners seeking leaving to proceed in forma pauperis and dismiss such complaints when they are frivolous, malicious, fail to state a claim on which relief may be granted, or if they seek monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). To state a claim on which relief may be granted, the complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)).

In addition, pro se pleadings should be "liberally construed" and they are "held to less

stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007); Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978). Erickson, however, does not undermine the "requirement that a pleading contain more than labels and conclusions." Giarratano v. Johnson, 521 F.3d 298, 304 n.5 (4th Cir. 2008) (quotation omitted).

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988); Phillips v. Pitt Cnty. Mem'l Hosp., 572 F.3d 176, 180 (4th Cir. 2009). A § 1983 plaintiff also must allege the defendants were personally involved in the alleged deprivation of his constitutional rights. See Iqbal, 556 U.S. at 676; Monell v. Dep't of Soc. Servs., 436 U.S. 658, 691–92 (1978).

Plaintiff challenges his pending state criminal proceedings, alleging that he has been detained more than 157 days without due process of law and "respect" for his constitutional rights. (Compl. (DE 1) at 5). He further asserts that his criminal prosecution is illegal because the alleged conduct was committed by a limited liability company and not plaintiff personally. (See id.). As relief, plaintiff seeks immediate release from pretrial detention and monetary damages. (Id. at 7).

To the extent plaintiff is seeking federal court intervention in his pending criminal prosecution, the court abstains from exercising jurisdiction pursuant to Younger v. Harris, 401 U.S. 37, 44 (1971). Specifically, a federal court must abstain from exercising jurisdiction and interfering with a state criminal proceeding if "(1) there is an ongoing state judicial proceeding brought prior to substantial progress in the federal proceeding; that (2) implicates important, substantial, or vital state interests; and (3) provides adequate opportunity to raise constitutional challenges." Nivens v. Gilchrist, 444 F.3d 237, 241 (4th Cir. 2006). The Supreme Court has

2

recognized only three exceptions to Younger abstention: "where (1) there is a showing of bad faith or harassment by state officials responsible for the prosecution; (2) the state law to be applied in the criminal proceeding is flagrantly and patently violative of express constitutional prohibitions; or (3) other extraordinary circumstances exist that present a threat of immediate and irreparable injury." See id. (quotations omitted). "[T]he cost, anxiety, and inconvenience of having to defend against a criminal prosecution alone does not constitute irreparable injury." See id. (quotation omitted).

Plaintiff's requests for injunctive relief fall within Younger. First, plaintiff is challenging an ongoing state criminal proceeding. Second, "North Carolina has a very important, substantial, and vital interest in preventing violations of its criminal laws." Nivens v. Gilchrist, 319 F.3d 151, 154 (4th Cir. 2003). Third, plaintiff's "pending state prosecution provides the accused a fair and sufficient opportunity for vindication of federal constitutional rights." Gilliam v. Foster, 75 F.3d 881, 904 (4th Cir. 1996) (en banc). Plaintiff also has not alleged extraordinary circumstances sufficient to invoke an exception to Younger. Accordingly, the court abstains from exercising jurisdiction over the claims for injunctive relief.

Plaintiff's requests for damages do not fall within Younger. Nivens, 444 F.3d at 248. The substantive § 1983 claims, however, are without merit for multiple reasons. To the extent plaintiff is attempting to assert claims for false arrest or malicious prosecution, he has not alleged that he was arrested or prosecuted in the absence of probable cause. See Evans v. Chalmers, 703 F.3d 636, 647 (4th Cir. 2012). In addition, plaintiff's conclusory allusions to Sixth Amendment speedy trial claim are insufficient to state a constitutional violation. See United States v. Villa, 70 F.4th 704, 713 (4th Cir. 2023) (discussing factors courts consider when evaluating speedy trial

3

claim, including the length of the delay, the reason for the delay, the plaintiff's assertion of the right to a speedy trial, and the prejudice to the plaintiff).

Furthermore, plaintiff has failed allege facts establishing municipal liability against the county defendants. See Lytle v. Doyle, 326 F.3d 463, 471 (4th Cir. 2003). And defendant North Carolina is not a "person" subject to suit under § 1983. Will v. Michigan Dep't of State Police, 491 U.S. 58, 71 (1989). The claims against defendant North Carolina also are barred by the Eleventh Amendment. See Board of Trustees of Univ. of Ala. v. Garrett, 531 U.S. 356, 363 (2001); Idaho v. Coeur d'Alene Tribe of Idaho, 521 U.S. 261, 267 (1997).[1]

## CONCLUSION

Based on the foregoing, this action is DISMISSED for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

SO ORDERED, this the 29th day of August, 2023.

LOUISE W. FLANAGAN
United States District Judge

---

[1] The exceptions to Eleventh Amendment immunity are not applicable here. See College Savs. Bank v. Fla. Prepaid Postsecondary Educ. Expense Bd., 527 U.S. 666, 670 (1999); Fitzpatrick v. Bitzer, 427 U.S. 445, 456 (1976); Ex parte Young, 209 U.S. 123, 159 (1908).

4